UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                  :
RED ROCK SERVICES CO, LLC,    :   Case No. 07-21572REF
    Debtor                         :

# MEMORANDUM ORDER DENYING TRUSTEE'S APPLICATION TO MODIFY TERMS OF RETENTION OF HERRICK FEINSTEIN, L.P.

AND NOW, this 18 day of July, 2012, upon my consideration of the Trustee's application, filed on September 12, 2011 (the "Application"), to modify the terms of the retention of Trustee's special litigation counsel in the adversary proceeding at Docket No. 09-2112, and upon the following findings of fact and conclusions of law:

**Findings of Fact:**

1. On March 9, 2009, Trustee filed his initial application to employ Herrick, Feinstein, L.P. (the "Herrick Firm") as special litigation counsel;

    A. The initial application sought the appointment of the Herrick Firm to represent Trustee in the litigation related to the Silo Point Project only;

    B. Exhibit A of the initial application was the engagement letter between Trustee and the Herrick Firm;

C. The engagement letter, Exhibit A in the initial application, referred to a proposed fee arrangement as follows: The Herrick Firm would receive 33% of any sums recovered from Suffolk, the defendant in the adversary proceeding Docket No. 09-2112, plus costs and disbursements;

D. The engagement letter, Exhibit A in the initial application, expressly regarded the payment of fees and expenses as being subject to later Court approval;

E. The initial application referred to Trustee's proposal to compensate the Herrick Firm through the 33% contingency fee plus costs and disbursements described in the engagement letter, Exhibit A;

F. The initial application noted that Trustee and the Herrick Firm were aware that all fees and disbursements could be made only after Court review and approval;

2. Trustee certified no responses or opposition to the initial application;

3. By my Order dated March 19, 2009, I approved the initial application to appoint the Herrick Firm as special litigation counsel for Trustee only in the Silo Point Project litigation;

4. The March 19, 2009 Order included the following language:

> FURTHER ORDERED, any compensation and reimbursement

of expenses may be had only after Court approval and in accordance with applicable bankruptcy laws and rules.

5. On March 9, 2010, Trustee applied to clarify or modify the March 19, 2009 Order appointing the Herrick Firm as Trustee's special litigation counsel;

    A. Trustee's second application asked that the Herrick Firm also represent Trustee in litigation relating to the McCormack Project as well as the Silo Point Project;

    B. Exhibit A of the second application was the revised engagement letter between Trustee and the Herrick Firm;

    C. The revised engagement letter, Exhibit A in the second application, referred to a proposed fee arrangement as follows: The Herrick Firm would receive 33% of any sums recovered from Suffolk, Silo, or any other entity in the adversary proceeding Docket No. 09-2112, plus costs and disbursements;

    D. The revised engagement letter, Exhibit A in the second application, expressly regarded the payment of fees and expenses as being subject to later Court approval;

    E. The second application referred to Trustee's proposal to compensate the Herrick Firm through the 33% contingency fee plus costs and disbursements described in the revised engagement letter, Exhibit A;

F. The second application noted that Trustee and the Herrick Firm were aware that all fees and disbursements could be made only after Court review and approval;

6. Trustee certified no responses or opposition to the second application;

7. By my Order dated March 23, 2010, I approved the second application to appoint the Herrick Firm as special litigation counsel for Trustee both in the Silo Point Project litigation and in the McCormack Project litigation;

8. The March 23, 2010 Order included the following language:

> FURTHER ORDERED, that any compensation and reimbursement of expenses may be had only after Court approval and in accordance with applicable bankruptcy laws and rules.

9. Trustee filed the Application on September 12, 2011, after the trial of this litigation was completed;

10. The Application purportedly seeks to revise the terms by which the Herrick Firm will be compensated for representing Trustee in the Silo Point Project and the McCormack Project litigation;

11. Through the Application, Trustee seeks to pay the Herrick Firm alternatively: (I) the 33% contingency fee plus expenses and disbursements or (II) any award of attorneys' fees entered by the Court against Suffolk, plus expense and disbursements, whichever is greater;

12. No part of either the March 19, 2009 Order or the March 23, 2010 Order refers to, adopts, or approves the 33% contingency fee; and

13. In both the March 19, 2009 Order and the March 23, 2010 Order, I expressly reserved the matter of compensation for a later date, review, and determination.

**Conclusions of Law:**

1. Section 327(a) of the Bankruptcy Code provides the procedure through which Trustee retains professionals, including counsel:

> Except as otherwise provided in this section, the trustee, wtih the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee ioncarrying out the trustee's duties under this title.

11 U.S.C. §327(a);

2. The first half of Section 328(a) of the Bankruptcy Code provides the procedure for establishing compensation for a retained professional:

> The trustee, or a committee appointed under section1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. §328(a);

3. The second half of Section 328(a) establishes the procedure for revising or modifying an order previously approving a retained professional's fee, and the conditions necessary to do so:

> Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S. C. §328(a);

4. Section 330(a)(1) of the Bankruptcy Code establishes the procedures for applying for and approving fees for professional persons that had not be expressly pre-approved:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 . . . (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1);

5. First, the precise language of the second half of Section 328(a) provides that a request for modification may be allowed only "after the conclusion of such employment . . . ." But this litigation (and therefore, of course, Trustee's

-6-

employment of the Herrick Firm) has not yet been concluded. On that basis alone, the Application should be denied.

6. Second, the Third Circuit Court of Appeals quoted and adopted the approach of a California Bankruptcy Court to establish what is required for a court to be obliged to use Section 328(a) to modify fee arrangements:

> If the order does not expressly and unambiguously state specific terms and conditions (<u>e.g.</u>, specific hourly rates or <u>contingency</u> fee arrangements) that are being approved pursuant to the first sentence of section 328(a), then the terms and conditions are merely those that apply in the absence of specific agreement. That leaves the court free to apply lodestar rates unfettered by the strictures of the second sentence of section 328(a) . . . .[1]

<u>Zolfo, Cooper & Co. v. Sunbeam-Oster, Inc.</u>, 50 F.3d 253, 261 (3d Cir. 1995) quoting and adopting <u>In re C&P Auto Transport, Inc.</u>, 94 B.R. 682, 685 n.4 (Bankr. E.D. Cal. 1988))(emphasis in <u>Zolfo</u>);

7. Also controlling my consideration of the Herrick Firm's compensation are <u>Committee of Equity Security Holders v. Official Committee of Unsecured Creditors</u> (<u>In re Federal Mogul-Global, Inc.</u>) 348 F.3d 390, 398-99 (3d Cir. 2003), and <u>In re Busy Beaver Bldg. Centers, Inc.</u>, 19 F.3d 833 (3d Cir. 1994), both of which provide substantial guidance for a bankruptcy judge's determination of

---

[1] The Third Circuit omitted the first part of footnote 4 of the <u>C&P Auto</u> decision that it quoted. The omitted language was short: "The actual language of the order is vital." 94 B.R. at 685 n. 4.

professional fees, including expressly recognizing the broad latitude afforded a bankruptcy judge in evaluating, calculating, and granting fees for professionals;

8. As noted above, neither order that I signed approving the appointment of the Herrick Firm as special litigation counsel for Trustee expressly or unambiguously stated any terms and conditions of the compensation that the Herrick Firm might receive;

9. Because I approved no compensation (whether expressly or unambiguously) pursuant to the first half of Section 328(a), I conclude that no fee arrangement exists to be modified pursuant to the second half of Section 328(a);

10. Because no fee arrangement exists, because the basis or structure of the Herrick Firm's fee compensation arrangement need not and cannot be modified[2] under Section 328(a), and because the Application is premature (filed before the Herrick's Firm's employment has concluded) the Application is moot; and

11. I will determine the Herrick Firm's compensation (including whether it will be considered on a contingency basis, on a lodestar analysis, or on some other basis) pursuant to Section 330(a)(1) after the principal litigation has been

---

[2] Stating the opposite, if no fee arrangement has been approved, no fee arrangement exists to be modified.

substantially resolved.[3]

IT IS HEREBY ORDERED, therefore, that the Trustee's Application is DENIED without prejudice as premature.

IT IS FURTHER ORDERED that I will consider all methods for calculating compensation (contingency fee, hourly fee, and any other method presented by Trustee) for Trustee's counsel at a later time in this case, after Trustee's counsel, the Herrick Firm, has applied for its compensation.[4]

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[3] Trustee argues that his counsel is entitled to receive all of its attorneys' fees directly from defendant Suffolk based upon language in the contracts that control the litigation. That is, he maintains that compensation for the Herrick Firm should not come from the res (if any) that results from the principal collection litigation, but from defendant Suffolk in addition to any other damges Suffolk is obliged to pay. This may well be the entirely correct approach, but I will not begin to consider that until I determine the outcome of both the Silo Point Project recovery (if any) and the McCormack Project claim (if any).

[4] I would regard as timely an application for fees by the Herrick Firm at the completion of the litigation before me as interim. I anticipate that one or both parties may appeal my decision, which would lead to additional attorneys' fees and an additional fee application. I note also that, in light of my discussion above, Trustee's counsel need not request modification of any prior method of compensation when it applies for compensation because I have approved no prior method of compensation.